```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA

PATRICIA L. MATTHEWS,          )
                               )
          Plaintiff,           )
                               )
v.                             )    Case No. CIV-15-411-KEW
                               )
NANCY A. BERRYHILL, Acting     )
Commissioner of Social         )
Security Administration,       )
                               )
          Defendant.           )
```

**OPINION AND ORDER**

Plaintiff Patricia L. Matthews (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 17, 1955 and was 59 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade. Claimant has worked in the past as a home health provider. Claimant alleges an inability to work beginning June 1, 2012 due to limitations resulting from high blood pressure, arthritis, foot problems, and right arm problems.

**Procedural History**

On October 11, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. On September 20, 2012, Claimant filed an application for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*). Claimant's applications were denied initially and upon reconsideration. On May 13, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") Bernard Porter by video presiding from McAlester, Oklahoma. While Claimant's representative appeared at the hearing, Claimant failed to appear. The ALJ proceeded with the hearing but questioned whether a supplemental hearing should be held. He issued a Request to Show Cause to Claimant to which Claimant's attorney responded that Claimant's ride to the hearing site in Ada, Oklahoma backed out at the last minute and she could not call. The ALJ determined Claimant failed to show good cause as to why she did not appear and found that she had constructively waived her right to appear. He issued an unfavorable decision on August 25, 2014. The Appeals Council denied review of the ALJ's decision on August 25, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work. He also determined Claimant could perform medium work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly develop the record regarding Claimant's physical impairments; and (2) failing to perform a proper credibility determination.

**Duty to Develop the Record**

In his decision, the ALJ found Claimant suffered from the severe impairments of neck strain/sprain, hypertension, and obesity. (Tr. 13). The ALJ determined Claimant retained the RFC to perform her past relevant work as a home health provider. (Tr. 16). He also found Claimant could perform medium work. In so doing, he found Claimant was limited to lifting/carrying 50 pounds occasionally and 25 pounds frequently; sitting for six hours and standing or walking for six hours; pushing or pulling as much as she could lift/carry; occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds and never crawl. Claimant was unable to read small print but can read ordinary newspaper or book-

5

style print. She could not work around unprotected heights or moving mechanical parts. Her time off task could be accommodated by normal breaks. (Tr. 14).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of cook helper, laundry worker, and cleaner II, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 18). As a result, the ALJ determined Claimant was not under a disability from June 1, 2012 through the date of the decision. Id.

Claimant contends the ALJ should have ordered a consultative examination to evaluate her physical impairments. Specifically, Claimant asserts that her neck, shoulder, and back problems constituted severe impairments which should have been examined because the record suggested a reasonable possibility that she had severe impairments in these areas. Claimant sought treatment for pain in the bilateral posterior neck and bilateral shoulder areas on October 31, 2013. (Tr. 354-58). The problem continued in December of 2013 when she was treated for inflammation of the collar bone, back pain, and shoulder joint pain. Claimant received Hydrocodone for the condition. (Tr. 371-73). She continued treatment for shoulder joint pain and back pain during March of 2014, receiving Norco for the problem. (Tr. 367-69). Claimant

6

also suffered from pain when turning her neck in April of 2014. (Tr. 363-66). Ultimately, the ALJ found Claimant's neck strain/sprain to be a severe impairment. (Tr. 13).

A social security disability hearing is nonadversarial and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;

(2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .

(3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;

(4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or

(5) There is an indication of a change in your condition that is likely to affect your ability to work.

20 C.F.R. § 416.909a(2)(b).

The overall medical record is sparse in this case. Claimant has not helped her cause by failing to show for consultative appointments and the administrative hearing due to transportation issues. However, the goal of these proceedings is to accurately ascertain Claimant's impairments and functional limitations and ability to engage in basic work activities. Certainly, Claimant's problems with neck, back, and shoulder pain are consistently documented in the treatment record but an insufficiency in the evidence exists such that further consultative opinion evidence is required to accurately and adequately develop the record. On remand, the ALJ shall order such examinations and, in order to limit future issues for appeal, obtain medical source statements on the functional limitations posed by this condition.

8

### Credibility Determination

The ALJ found Claimant was not "entirely credible." (Tr. 15). He based this conclusion on the lack of treatment, the adequacy of over the counter treatment for her conditions, and the lack of objective medical evidence. (Tr. 15-16). Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims – what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 31st day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE