**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

PATRICIA L. MATTHEWS, )
)
        Plaintiff, )
)
v. ) Case No. CIV-15-411-KEW
)
NANCY A. BERRYHILL, Acting )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

**OPINION AND ORDER**

      This matter comes before the Court on Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23) and Supplemental Application for Award of Attorney's Fees (Docket Entry #27). By Order and Opinion entered March 31, 2017, this Court reversed the decision of the Commissioner to deny Plaintiff's applications for disability benefits under Title II and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

      In the original Application, Plaintiff seeks attorney's fees for 21.00 hours of time expended by her attorney at the stipulated fee rate and 1.30 hours of paralegal time for a total request of $4,179.70 under the authority of the Equal Access to Justice Act ("EAJA"). In the Supplemental Application, Plaintiff requests an additional $877.50 to compensate for the preparation of the reply and the Supplemental Application for an increased total request of $5,057.20. The Commissioner contests the award of EAJA fees,

contending her position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Plaintiff constituted the prevailing party in accordance with this Court's decision. The Commissioner contends her position taken in this appeal was substantially justified because a consultative examination is never required and that this Court relied upon a prior version of the regulations in finding otherwise and the Court imposed a "novel obligation" upon the ALJ

in requiring a further consultative examination when such examinations had been ordered by the ALJ but Plaintiff failed to appear.

Defendant misquotes the applicable regulation concerning the circumstances where a consultative examination is required. The regulations enumerate "[s]ituations that **may require** a consultative examination." 20 C.F.R. § 404.1519a(b)(emphasis added by this Court). The non-exclusive list of situations require the appointment of a consultative examiner. It is not discretionary. This Court cited the correct regulation.

Further, the obligation imposed by this Court upon the ALJ was not "novel" but routinely required as evidenced by the recognition in the regulations. The facts and circumstances in the table case of Smith v. Chater, 105 F.3d 670 (10th Cir. Jan. 2, 1997) cited by Defendant are inapposite to those present in this case.

Defendant also contends the ALJ should not have been required to order another consultative examination when Plaintiff failed to appear for examinations which were ordered. Plaintiff communicated her inability to secure travel to the examinations to Defendant. Given the sparse medical record, it was imperative for Defendant to make every effort to develop the record to ascertain Plaintiff's limitations. Ordering a further examination was reasonable under the circumstances. Based upon the record and the ALJ's deficiencies, this Court cannot conclude Defendant's position was substantially justified.

Considering the necessity for Plaintiff to file a reply and the Supplemental Application, the request for additional fees is warranted.

IT IS THEREFORE ORDERED that Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23) and Supplemental Application for Award of Attorney's Fees (Docket Entry #27) are hereby **GRANTED** and that the Government is ordered to pay Plaintiff's attorney's fees in the total amount of $5,057.20. In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 30th day of April, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE